IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER PHILLIP MOSLEY | Civil Case No. 3:22-cv-00120 |
| Plaintiff | |
| vs. | **JURY DEMANDED** |
| JAMES W FRIAUF, | DISTRICT COURT JUDGE MCDONOUGH |
| Defendant | MAGISTRATE JUDGE POPLIN |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO ALLOW
REMOTE VIDEO DEPOSITION OF THE PLAINTIFF**

Comes the Plaintiff, by and through counsel, and submits the following as Plaintiff's Memorandum of Law in support of Plaintiff's Motion to Allow Remote Deposition of the Plaintiff:

## I.   FACTS

This is a legal malpractice lawsuit, where the Defendant attorney, is proceeding *pro se*.

After multiple requests, Defendant did produce available dates for his deposition. In response, Defendant agreed to give his deposition on June 14, 2023, and requested to take a seven hour deposition of the Plaintiff on June 12, 2023 and a deposition of Plaintiff's wife on June 15, 2023. Both Plaintiff and his wife live and work in Oklahoma. [Exhibit 1, Email Chain]

In an email dated March 24, 2023, Plaintiff through counsel requested that since Defendant would have to go to Oklahoma to take the deposition of Plaintiff's wife, who is a non-party, that Defendant agree to take the deposition of both the Plaintiff and Plaintiff's wife in Oklahoma due to the significant financial burden this would place on the Plaintiff to come to Tennessee. [Exhibit 1, Email Chain]

1

In response on April 5, 2023, the Defendant stated he still wanted Plaintiff to travel to Tennessee for a seven hour deposition; however, Defendant indicated that he would be willing to do a remote deposition of the Plaintiff's wife. [Exhibit 1, Email Chain]

Plaintiff's counsel was surprised that Defendant would be willing to do any remote depositions, and responded on April 6, 2023, by requesting the remote deposition of the Plaintiff, and if Defendant would so agree, Plaintiff's counsel would agree to a remote deposition of Plaintiff's wife. [Exhibit 1, Email Chain]. After receiving no response to that request, in a letter addressing other discovery issues sent out on April 18, 2023, Plaintiff's counsel again requested that Defendant reply to Plaintiff's request to do Plaintiff's deposition remotely. [Exhibit 2, April 18, 2023 letter, p. 5]

As of the time of filing this motion, Defendant has either failed or refused to respond to the request to take Plaintiff's deposition remotely. [Exhibit 3, Declaration of David Day]

For Plaintiff to come to Knoxville, he would have to drive approximately 700 miles, which would involve a minimum of two days of travel (assuming no vehicle problems). He would also have to incur food and lodging expenses, not only as part of the trip here, but also during the time he spends in Knoxville for depositions. And then he would have to travel another 700 miles for an additional two days. All of this travel, mileage, food and lodging expenses would be while he is missing a week's worth of income, which is critical to Plaintiff as he is trying to address the financial reversals which Ruby Tuesday caused him. [Exhibit 3, Declaration of Christopher Phillip Mosley]. With a remote deposition, all of these expenses and hardships can be avoided, and instead Plaintiff would only miss work during the times of the actual depositions.

2

Case 3:22-cv-00120-TRM-DCP   Document 34   Filed 05/05/23   Page 2 of 4   PageID #: 353

## II. DISCUSSION

Rule 1 of the Federal Rules of Civil Procedure provides that actions under those rules should be applied to allow the "just, speedy and inexpensive" resolution of matters.

Rule 269(c) expressly provides that the Court can provide appropriate discovery relief "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense."

And Rule 30(b)(4) expressly allows remote depositions by agreement of the parties or by the court on motion of a party.

Allowing the Plaintiff to provide a remote deposition works no hardship on the Defendant. Before the present legal malpractice suit was filed, the Plaintiff was the Defendant's client with whom the Defendant had the opportunity to communicate with in person and in writing, to make inquiries about the underlying case, and to conduct investigations and legal research, as well as file administrative claims through the EEOC and litigation in federal court. The Defendant in this case, proceeding *pro se*, is unlike counsel for a defendant in litigation who has had no familiarity or dealings with a Plaintiff. In short, It is not like the Defendant is deposing a total stranger he has to "size up."

Most importantly, allowing the Plaintiff's deposition to be conducted remotely still allows the Defendant to ask every appropriate question of the Plaintiff the Defendant could possibly ask in a seven-hour deposition.

The Defendant will suffer no prejudice by allowing the Plaintiff to appear remotely for Plaintiff's deposition. However, the Plaintiff will suffer needless expense and undue hardship if required to appear in Knoxville for a deposition which for all practical purposes can be done remotely to secure the same information.

### III. CONCLUSION

Based on the foregoing, Plaintiff would request that the Court issue an order allowing the Plaintiff to give his deposition remotely as allowed by FRCP Rule 30(b)(4).

This 5th day of May , 2023.

                                                Respectfully Submitted,

                                                LAW OFFICE OF EDWARD M. GRAVES, JR.

By:    /s/Edward M. Graves, Jr.
         EDWARD M. GRAVES, JR. #05882
         Attorney for Plaintiff
         502 S. Gay Street, Suite 412
         Knoxville, TN  37902
         (865) 544-1974
         Email: senored@aol.com

         LAW OFFICE OF DAVID DAY, P.C.

By:    /s/David Day
         David Day #010941
         Attorney for Plaintiff
         19 South Jefferson Avenue
         Cookeville, TN  38501
         (931) 528-7002
         david@daviddaypc.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of May, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and the Defendant is being served through the Court's ECF system.

         LAW OFFICE OF DAVID DAY, P.C.

By:    /s/David Day
         David Day #010941
         Attorney for Plaintiff
         19 South Jefferson Avenue
         Cookeville, TN  38501
         (931) 528-7002
         david@daviddaypc.com