UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTOPHER PHILLIP MOSLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-120-TRM-DCP |
| | ) | |
| JAMES W. FRIAUF, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Allow Remote Video Deposition of the Plaintiff [Doc. 33]. Defendant responded in opposition to the motion [Doc. 37], and Plaintiff filed a reply [Doc. 40]. The motion is therefore ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 33**].

**I.   ANALYSIS**

Plaintiff moves the Court pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure for an order allowing his deposition to be taken remotely. For grounds, Plaintiff states that he currently lives in Oklahoma, and therefore, would have to travel approximately 1,400 miles roundtrip for an in-person deposition. According to Plaintiff, this would involve a minimum of four days of travel assuming no vehicle issues. He would also incur food and lodging expenses and would be missing a week's worth of income, "which is critical to Plaintiff as he is trying to address the financial reversals which Ruby Tuesday caused" [Doc. 34 p. 2].

Plaintiff asserts that a remote deposition will not be a hardship to Defendant because Plaintiff is Defendant's former client "with whom the Defendant had the opportunity to communicate with in person and in writing" [*Id.* at 3]. In other words, according to Plaintiff, Defendant is not "deposing a total stranger [that] he has to 'size up'" [*Id.*]. Plaintiff states that Defendant will suffer no prejudice by taking the remote deposition, but "Plaintiff will suffer needless expense and undue hardship if required to appear in Knoxville for a deposition which for all practical purposes can be done remotely to secure the same information" [*Id.*]. Plaintiff filed a declaration in support of his motion [Doc. 34-3].

Defendant objects to Plaintiff's motion, stating that Plaintiff "has provided an inadequate rationale for shielding himself through a remote deposition" [Doc. 37 p. 2]. Defendant states that Plaintiff voluntarily moved away from Tennessee, he makes false statements about the time it will take to travel, and grossly exaggerates the time required away from work. Defendant submits an exhibit showing an available Delta flight [Doc. 37-1] and states that he is amenable to accommodating this flight time.

Defendant also argues that Plaintiff insisted on taking his deposition in person and offered to travel to Florida to do so when Defendant lived there. Defendant argues that the Court disfavors remote depositions when a party wishes to take an in-person deposition. Here, Defendant argues, "it is even more imperative that [he] be provided the opportunity to take [Plaintiff's deposition] in person" given that Plaintiff is the party and not simply a third-party witness [Doc. 37 p. 4].

Plaintiff filed a reply, asserting that Defendant "provides no factual basis as to how [he] will be impaired or prejudiced from fully and effectively deposing [his] former client by remote means" [Doc. 40 p. 1]. Plaintiff further states that Defendant has not provided any evidence to dispute Plaintiff's factual assertions made in his declaration. Plaintiff states that Defendant's

2

proposed flight schedule is "grueling and exhausting" [*Id*. at 3]. With respect to Defendant's argument that Plaintiff was willing to travel to Florida, Plaintiff states that this is a "red herring" as it was Plaintiff's counsel willing to travel because "counsel had clients unrelated to this case in Florida and other matters to address in Florida and would have worked around those matters" [*Id*.].

Plaintiff denies that remote depositions are disfavored and maintains that he has a legitimate reason for requesting a remote deposition. In addition, Plaintiff asserts that Defendant is not prejudiced by a remote deposition and that Defendant is simply seeking to punish Plaintiff for filing this lawsuit by demanding an in-person deposition.

Generally, plaintiffs are required to appear in the district forum for their depositions. *Younis v. Pinnacle Airlines, Inc.*, No. 07-CV-02356-DV, 2008 WL 11411712, at *2 (W.D. Tenn. Mar. 24, 2008). Rule 30(b)(4) allows parties to take remote depositions if they stipulate to conducting a remote deposition or if the court so orders. Fed. R. Civ. P. 30(b)(4); *see also* Fed. R. Civ. P. 26(c) (stating that for good cause shown, the court may protect a party from undue burden or expense). The moving party must first establish "a legitimate reason to take a deposition by remote means for a court to authorize such over the objection of an opposing party." *Kirkand v. City of Maryville*, No. 3:19-CV-312-DCLC-HBG, 2020 WL 12863656, at *2 (E.D. Tenn. Aug. 17, 2020); *see also Enguita v. Neoplan USA Corp.*, No. CV B-04-121, 2005 WL 8164880, at *2 (S.D. Tex. May 25, 2005) (explaining that the former standard that the plaintiff had to show "extreme hardship" has been "relaxed).

If the moving party establishes a legitimate reason, then the burden shifts to the "opposing party to show how [he/she] would be prejudiced." *Kirkand*, 2020 WL 12863656, at *2; *see also Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 319CV00014GNSLLK, 2022 WL 4554433, at *2 (W.D. Ky. Sept. 29, 2022) (explaining that the moving party has the burden to

3

show a legitimate reason for the remote deposition, and "[u]pon a showing a legitimate reason, the burden then shifts to the nonmoving party to show precisely why a remote deposition would prejudice the nonmoving party"); *see also In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) (explaining that the decision "to allow a remote deposition essentially involves a careful weighing of the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the deposition" (citations omitted)).

Based on the above authority, the Court will first turn to Plaintiff's reason for requesting a remote deposition. Specifically, Plaintiff states that the travel will be "burdensome and quite expensive" [Doc. 34-3 ¶ 3], and the Court observes that the deposition is currently scheduled for June 13, 2023—in approximately two weeks [Doc. 42]. "In weighing the hardship to the deponent of travel against the prejudice to his opponent of allowing a remote deposition, courts consider the amount of money at stake in the case, the financial means of the distant party, the complexity of the issues involved, and whether the issues will turn on the deponent's credibility." *Loyless v. Oliveira*, No. 1:09-CV-239, 2011 WL 13308425, at *3 (E.D. Tenn. June 24, 2011). Here, Plaintiff seeks no less than $500,000 and no more than $750,000 in his Complaint [Doc. 1 p. 10]. The Court finds that this constitutes a significant amount of money against a single defendant. Second, while the Court does not have any evidence of Plaintiff's financial means, it does have evidence of Plaintiff's estimated costs of the trip, which he claims constitutes "a substantial financial hardship" [Doc. 33 p. 1]. Plaintiff also asserts that the loss of "a week's worth of income" is "critical" to him [Doc. 34-3 ¶ 4]. Third, given that this case is for legal malpractice, the issues do not seem overly complicated, and Plaintiff argues that credibility is not at issue for the deposition given that the parties are acquainted—an assertion Defendant does not dispute.

The Court has carefully considered the above factors and finds that Plaintiff has identified a legitimate reason for conducting his deposition by remote means. The burden now shifts to Defendant to show that he will be prejudiced by the remote deposition. Defendant has not identified any prejudice in taking Plaintiff's deposition remotely. Instead, Defendant asserts that Plaintiff's deposition should be conducted in person because Plaintiff is not a third-party witness, but the party with the burden of proof [Doc. 37 p. 4]. This general statement is not sufficient to establish Defendant's burden. *See Cruz-Cruz v. Calymayor-Barrios*, No. SA-15-CA-342-XR, 2015 WL 12866218, at *3 (W.D. Tex. Aug. 14, 2015) ("But, if a plaintiff demonstrates hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum 'may yield to the exigencies of the particular case'") (quoting *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D. N.Y. 1994)). Given that Plaintiff has identified a legitimate reason, and Defendant has not identified any prejudice, the Court will allow the remote deposition. *See* Fed. R. Civ. P. 1 (explaining that the Court should construe the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding").

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Allow Remote Video Deposition of the Plaintiff [**Doc. 33**].

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge